JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gregory M. Hackett, Jr.

**(b)** County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Silvercare Nursing Development, LLC

County of Residence of First Listed Defendant: **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [X] 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII - 42 U.S.C Section 1981
Brief description of cause:
Discriminatory and Retaliatory Discharge

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

**DATE**
March 10, 2026

**SIGNATURE OF ATTORNEY OF RECORD**
William J. Fox

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: __Chester, PA_____

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. Indemnity Contract, Marine Contract, and All Other Contracts)
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Wage and Hour Class Action/Collective Action
6. Patent
7. Copyright/Trademark
☒ 8. Employment
9. Labor-Management Relations
10. Civil Rights
11. Habeas Corpus
12. Securities Cases
13. Social Security Review Cases
14. Qui Tam Cases
15. Cases Seeking Systemic Relief *see certification below*
16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)*:_____
7. Products Liability
8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ **does not** have implications beyond the parties before the court and ☐ does / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Gregory M. Hackett, Jr. | : | CIVIL ACTION |
| v. | : | |
| Silvercare Nursing Development, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| Date | William J. Fox, Esquire | Plaintiff |
|---|---|---|
| | **Attorney-at-law** | **Attorney for** |
| (215) 546-2477 | | wjf@billfoxlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY M. HACKETT, JR.<br>714 West 11th Street<br>Chester, PA 19013 | :<br>:<br>: |
| Plaintiff | : |
| v. | : |
| SILVERCARE NURSING<br>DEVELOPMENT, LLC<br>2600 W. 9th Street<br>Chester, PA 19013 | :<br>:<br>: |
| Defendant | : |

## COMPLAINT

1. This Court has jurisdiction over this matter under Title VII of the 1964 Civil Rights Act, et seq., giving rise to Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and Civil Rights Jurisdiction pursuant to 28 U.S.C. § 1347.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims made herein pursuant to 28 U.S.C. § 1367, as the claim is so related to claims in the action within such original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the parties reside in this district, regularly conduct business in this district and the incidents in controversy occurred in this district.

### PARTIES

4. Plaintiff, Gregory M. Hackett, Jr., resides at the above-captioned address.

1

5. Defendant, Silvercare Nursing Development, LLC ("SND"), is a Limited Liability Company and maintains its offices at 2600 W. 9th Street, Chester, PA 19013. n.

## FACTS

6. Plaintiff's race is African-American, his color is black and he is 46 years of age.

7. Plaintiff was hired by Defendant in August of 2020 as a Landscape/Maintenance Custodian.

8. Throughout his employment for Defendant, Plaintiff performed his job duties at or above expectations.

9. On multiple occasions in 2024, Plaintiff complained to SND's Human Resources Department that he was subject to discrimination and harassment from his supervisor, Andy Zhang, who is Asian-American.

10. At no time did Defendant address Plaintiff's complaints of discrimination.

11. During Plaintiff's employment with SND, his similarly situated Asian-American peers were provided preferential and favorable treatment compared to he.

12. On many occasions, Mr. Zhang directed Plaintiff to work through my lunch break but did not require his Asian coworkers to work through lunch breaks.

13. When handing out assignments, Mr. Zhang favored Plaintiff's Asian-American coworkers and for lengthy periods of time often directed Paintiff to perform difficult jobs without assistance.

14. During Plaintiff's employment with SND, Asian-American peers were provided with preferential treatment with regard to the terms and conditions of employment.

15. On or about December 13, 2024, Plaintiff was falsely accused of stealing $15.00 and

was discharged from my employment.

16. Plaintiff was replaced by an Asian-American employee.

17. SND's reason for discharging Plaintiff is false and constitutes a pretext for the real reason he was discharged, retaliation and discrimination.

18. SND's aforesaid actions constitute race and color discrimination and violate Title VII of the 1964 Civil Rights Act, the Pennsylvania Human Relations Act and 42 U.S.C. § 1981.

19. Plaintiff filed a Charge of Discrmination and has exhausted his administrative remedy.

20. Any reasons that SND offers to justify its decision to discharge Plaintiff are false, were falsely trumped up by Defendant and constitute a pretext.

21. The real reason SND discharged Plaintiff's employment is because 1) of his race and color; and 2) because he engaged in protected activity when he previously complained of discrimination in the work place.

22. Other employees outside of Plaintiff's protected class were not treated with the same unfair scrutiny that Plaintiff was; were not subjected to harsh and unfair discipline; and, were not discharged from their employment.

### Count I - Title VII

23. Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though same were fully set forth at length herein.

24. Plaintiff has exhausted his administrative remedies and received a right to sue letter from the EEOC.

25. Defendants have discriminated against Plaintiff because of his race and color in

violation of 42 U.S.C. § 2000e *et seq.*

26. Defendants' aforesaid adverse actions, including discharge from employment, against Plaintiff regarding the terms and conditions of his employment violate Title VII because the actions were based on Plaintiff's race and color.

27. Defendants' aforesaid adverse actions, including discharge from employment, against Plaintiff regarding the terms and conditions of his employment were retaliatory because Plaintiff had previously engaged in multiple incidents of protected conduct against Defendants.

28. Any non-discriminatory and/or non-retaliatory reasons offered by Defendants for their aforesaid actions are false, were falsely trumped-up and constitute a pretext.

29. Defendants' aforesaid discriminatory and retaliatory actions against Plaintiff constitute race and color discrimination and retaliation in violation of 42 U.S.C. § 2000e *et seq.*

30. As a result of Defendant's aforesaid conduct, Plaintiff has suffered lost wages and benefits, humiliation, mental anguish, emotional distress, associated stress, pain and suffering and other injuries.

31. Plaintiff seek all damages allowable under Title VII, including back pay, front pay, compensatory damages, punitive damages, counsel fees and costs of suit.

### Count II - 42 U.S.C. § 1981

32. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 31 of this Complaint as though same were fully set forth at length herein.

33. Defendant has discriminated against Plaintiff because of his race and color with respect to the terms and conditions of his employment in violations of 42 U.S.C. § 1981 *et seq*,

4

and further engaged in acts that constitute harassment, a hostile work environment and disparate treatment.

32. Defendant's actions to terminate Plaintiff constitutes race and color discrimination in violation of 42 U.S.C. § 1981.

33. As hereinbefore alleged, Plaintiff engaged in protected activity under 42 U.S.C. § 1981 when he complained of discrimination based on his race and color and when he complained of harassment.

34. As a result of Plaintiff's aforesaid complaints, Defendant retaliated against Plaintiff by discharging him from his employment.

35. As a result of Defendant's aforesaid retaliatory discharge of Plaintiff's employment, Plaintiff has lost and continues to lose compensation and other damages as hereinbefore alleged.

36. Plaintiff seeks all damages allowable under Section 1981 and 1988, including back pay, front pay, compensatory damages and punitive damages.

### Count III - State Law Claims

37. Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint as though same were fully set forth at length herein.

38. The conduct of Defendants as alleged in the foregoing claims for relief constitutes discrimination and retaliation in violation of the Pennsylvania Human Relations Act and other State and Local laws and ordinances.

39. Defendants have at all times material to the foregoing claims acted willfully and with malice toward Plaintiff. Defendants knew, or reasonably should have known, that the

aforementioned conduct was a violation of its handbook, policies and work rules and the laws of Pennsylvania and the United States. Defendants took no action to cease their wrongful conduct, and, in fact, committed further acts designed to cover the patent discrimination against Plaintiff because of his race and color, and because he had engaged in protected activity on multiple occasions.

## JURY DEMAND

Plaintiff demands a trial before twelve jurors.

**WHEREFORE,** Plaintiff, Gregory M. Hackett, Jr., demands judgment in his favor and against Defendants and seeks relief as follows:

- A) Awarding compensatory and punitive damages;
- B) Awarding interest calculated at the prevailing rate;
- C) Awarding equivalent pay, back pay, front pay, loss of fringe benefits and all other relief allowed under the law;
- D) Awarding reasonable attorney's fees, expert witness fees and other costs of the action; and
- E) Granting such other relief as the Court deems just and appropriate.

_____
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 546-2477
Attorney for Plaintiff

Date: March 10, 2026